RONALD JAMES WILLUT,

        Plaintiff,

  v.

                                    Case No. 21-cv-1147-pp

NITA MARIE HEUER,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 4), DENYING DEFENDANT'S MOTION FOR SANCTIONS (DKT. NO. 5) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SCHEDULING ORDER (DKT. NO. 8)**

        On October 5, 2021, the plaintiff, representing himself, filed a complaint alleging a claim related to a property dispute. Dkt. No. 1. On December 3, 2021, the defendant filed a motion to dismiss. Dkt. No. 4. She moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Id. The same day, the defendant filed a motion for sanctions. Dkt. No. 5. The plaintiff did not respond to either of the defendant's motions, but on December 9, 2021, the court received from him a motion for scheduling order. Dkt. No. 8.

**I.    Facts**

        The plaintiff asserts that both he and the defendant, Nita Marie Heuer, are residents of Wisconsin. Dkt. No. 1 at 1-2. He lists his place of residence as 7138 South Loomis Road, Waterford, Wisconsin 53185 and the defendant's as 2100 North Emmertsen Road, Mount Pleasant, Wisconsin 53406. Id.

The plaintiff alleges that he is the sole owner of the South Loomis Road property. Id. at 3. He says that on October 29, 2012, twenty-seven days after the passing of his wife, he signed over to the defendant (his step-child) a quitclaim deed that gave the defendant "a life estate" in his property. Id. According to the plaintiff, the defendant refuses to "sign document restoring full tilleship [sic] of said property," preventing the plaintiff's legal heirs from inheriting the property. Id. at 4. The plaintiff asks the court to "issue an order restoring said rights," to award court costs and to award "Exemplary damages of $1,000,000.00, or such as the Court deems just" for severe mental anguish and hardship. Id.

## II. Motion to Dismiss (Dkt. No. 4)

The defendant first moves to dismiss for lack of subject-matter jurisdiction, arguing that the plaintiff's claim does not present a federal question. Dkt. No. 4 at 1. On page 4 of the form complaint, the plaintiff marked the box that said he was suing for a violation of federal law. Dkt. No. 1 at 5.

Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts do not have the authority to consider and decide lawsuits alleging violations of *state* law unless the plaintiff lives in a different state from every defendant

2

(and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

For a federal court to exercise diversity jurisdiction, the parties must be completely diverse. Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806). This means that each plaintiff must have citizenship different from that of each defendant. Id. For a federal court to exercise federal question jurisdiction, a federal question must be evidenced on the face of the plaintiff's complaint. City of Beloit v. Local 643 of Am. Fed'n of State, Cty. and Mun. Employees, AFL-CIO, 248 F.3d 650, 652 (7th Cir. 2001).

The plaintiff has alleged that both he and the defendant are residents of the same state. This means that the court does not have diversity jurisdiction. The court also does not have federal question jurisdiction. Although the plaintiff marked the box on his complaint indicating that he was suing for a violation of federal law, dkt. no. 1 at 5, the plaintiff has not alleged a claim arising under federal law. He has not identified any federal statute or constitutional provision that governs the dispute. The dispute involves private property ownership; the Supreme Court has long held that "[u]nder our federal system, property ownership is not governed by a general federal law, but rather by the laws of the several States." Oregon *ex rel.* State Land Bd. v. Corvallis Sand & Gravel Co., 429 U.S. 363, 378 (1977). The plaintiff's claims belong in state court, because this federal court does not have subject-matter jurisdiction over the dispute.

3

Because the court does not have subject-matter jurisdiction over the plaintiff's claims, it will not consider the defendant's motion to dismiss for failure to state a claim. The court also will deny as moot the plaintiff's motion for scheduling order.

### III. Motion for Sanctions (Dkt. No. 5)

The defendant has asked the court to impose sanctions under Fed. R. Civ. P. 11(c). Dkt. No. 5. Citing Rule 11(b), she argues that "[f]or the reasons stated in Defendant's Motion to Dismiss, the claims are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Id. at 1. The defendant asserts that she served the defendant[1] with both her motion for sanctions and her motion to dismiss more than twenty-one days before filing her motion for sanctions. Id.

Under Rule 11(c), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Rule 11(b) states,

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

---

[1] The court assumes this is a typo and that the defendant actually served the motions on the plaintiff.

4

(emphasis added).

The court will deny the motion for sanctions. The plaintiff does not appear to be a lawyer. There is no evidence that he was aware of the federal jurisdictional rules, or that he intentionally filed a complaint in federal court knowing that the federal court had no jurisdiction over his claims. The court understands that the defendant has expended funds to retain an attorney and respond to the claim, but without some evidence that the plaintiff intentionally asserted a frivolous claim, the court will not impose sanctions.

## IV. Conclusion

The court **GRANTS** the defendant's motion to dismiss for lack of subject-matter jurisdiction. Dkt. No. 4.

The court **DENIES** the defendant's motion for sanctions. Dkt. No. 5.

The court **DENIES AS MOOT** the plaintiff's motion for scheduling order. Dkt. No. 8.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 8th day of July, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**